UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL R. LEMUS,<br><br>    Petitioner,<br><br>    v.<br><br>CHANCE ANDES,<br><br>    Respondent. | No. 2:24-cv-3286 SCR P<br><br><br><br>ORDER |

Petitioner has requested an extension of time and the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for appointment of counsel (ECF No. 15) is denied without prejudice to a renewal of the motion at a later stage of the proceedings accompanied by any supporting documents.

2. Petitioner's request for an extension of time (ECF No. 15) is granted.

3. Petitioner shall file an opposition or statement of non-opposition to respondent's motion to dismiss within thirty days from the date of this order.

1

4. The failure to file an opposition or a statement of non opposition within the time provided may be deemed a waiver of any opposition to the granting of the motion. See Local Rule 230(l).

5. Petitioner may also file a motion for a stay and abeyance within thirty days from the date of this order. In considering whether to file a motion for a stay and abeyance petitioner can refer to the legal standards described in the attached Notice to Pro Se Habeas Petitioner Regarding Exhaustion.

DATED: March 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PRO SE HABEAS PETITIONER REGARDING EXHAUSTION

Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error. See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982)(explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).

If you have not yet presented all of your claims to the highest state court, you may request the federal court to place your federal habeas petition on hold while you return to state court(s) in order to fully exhaust your claim(s). This is referred to as a "stay and abeyance." Federal law provides for two very different types of a stay and abeyance. Any motion you file for a stay should specify which type of stay you are seeking.

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). You should address all three of these factors if you are requesting a Rhines stay. If the court grants your request for a Rhines stay, the entire federal habeas petition including the unexhausted claim(s) will be put on hold. It does not require you to file any amended federal habeas petition.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and, (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome procedure than a Rhines stay because it requires you to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one year statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims are determined to be timely. Demonstrating timeliness will often be problematic under the now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1)(stating that a one year period of limitation shall apply to all federal habeas petitions challenging a state court judgment).

   Nothing in this notice prevents you from returning to state court while there is a pending motion to dismiss your federal habeas petition based on lack of exhaustion. If the state court issues a ruling on your constitutional claim(s) while your federal habeas case is pending, you should file a "Notice of Exhaustion" in this court along with a copy of the state court ruling.