UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL R. LEMUS, | No. 2:24-cv-3286-SCR |
| Petitioner, | |
| v. | ORDER |
| CHANCE ANDES, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned for all further proceedings in this action including the entry of judgment pursuant to 28 U.S.C. § 636(c)(1). See ECF No. 12.

Currently pending before the court is respondent's motion to dismiss the habeas petition on the grounds that the constitutional claims are not sufficiently detailed and that claims three and four are unexhausted. Petitioner has not filed an opposition and the time to do so has expired. For the reasons explained below, the court will grant respondent's motion to dismiss claims three and four without prejudice as unexhausted, but will deny the remainder of the motion.

**I.     Factual and Procedural History**

Following a jury trial, petitioner was convicted in the Butte County Superior Court of evading an officer's vehicle against traffic and assault with a deadly weapon on a peace officer.

ECF No. 1 at 1.  He was sentenced to 11 years and 4 months in prison.  ECF No. 13-1 (Felony Abstract of Judgment).

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment on May 1, 2023.  ECF No. 13-2.  On appeal, petitioner raised a Sixth Amendment violation based on defense counsel's refusal to comply with petitioner's request to enter a plea of not guilty by reason of insanity ("NGI").  ECF No. 13-2.  Petitioner also challenged the trial court's denial of his two separate Marsden[1] motions to substitute counsel and a cumulative error claim.  ECF No. 13-2.

On May 23, 2023, petitioner filed a petition for review in the California Supreme Court.[2]  ECF No. 13-3.  He raised the same three claims that he presented to the California Court of Appeal.  See ECF No. 13-3 (Petition for Review).  The petition for review was denied on July 12, 2023.  ECF No. 13-4.

Petitioner filed his first § 2254 petition in this court on September 5, 2023.  Lemus v. Butte County Superior Court, No. 2:23-cv-1968-DAD-DMC (E.D. Cal.).  In that petition, petitioner asserted that trial counsel was ineffective for telling the jury that he was guilty and for refusing to enter a plea of NGI.  Petitioner also alleged that appellate counsel was ineffective because he did not have the video or the transcripts of the pursuit.  In his fourth claim for relief, petitioner contended that the Butte County Sheriff fabricated charges against him.  That § 2254 petition was dismissed without prejudice on July 15, 2024, based on petitioner's failure to exhaust state court remedies with respect to the claims contained therein.  See id., ECF No. 29.

Next, petitioner filed a habeas corpus petition in the California Supreme Court on July 16, 2024.  ECF No. 13-5.  Petitioner asserted that his confession had been coerced, the police report had been falsified, and the prosecution committed Brady[3] error by failing to disclose evidence

---

[1] See California v. Marsden, 2 Cal.3d 118 (1970) (reversing the trial court's denial of defendant's motion to substitute appointed counsel when defendant was not given the chance to offer specific examples of counsel's inadequate representation).

[2] All filing dates have been calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

[3] See Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the

2

favorable to the defense. ECF No. 13-5. The California Supreme Court denied this habeas petition on November 13, 2024. ECF No. 13-6.

Petitioner filed the instant § 2254 petition raising six claims for relief on November 20, 2024. ECF No. 1. In his first claim for relief, petitioner asserts that the police report was falsified and his confession was coerced. ECF No. 1 at 5, 8. Next, petitioner alleges that the prosecution failed to disclose favorable evidence to the defense in violation of Brady. ECF No. 1 at 8. Third, petitioner contends trial counsel was ineffective. ECF No. 1 at 9. Fourth, petitioner asserts that the petit jury was unconstitutionally selected and impaneled. ECF No. 1 at 9. In claim five, petitioner submits that he was denied his Sixth Amendment right to present a defense when trial counsel overrode his desire to enter an NGI plea. ECF No. 1 at 10. Finally, petitioner contends that the trial court erred in denying his motion to relieve his defense counsel. Id.

**II.    Motion to Dismiss**

On February 10, 2025, respondent filed a motion to dismiss petitioner's mixed § 2254 petition because the claims are "conclusory and unintelligible" and because claims three and four are unexhausted. ECF No. 14. In the first argument, respondent submits that petitioner has not complied with Rule 2(c) of the Rules Governing Section 2254 Cases because he does not clearly identify his constitutional claims or the facts supporting them. ECF No. 14 at 3. Based on this defect, respondent submits that the court should summarily dismiss the § 2254 petition in its entirety. ECF No. 14 at 3-4. Next, respondent submits that "[a]lthough much of the federal petition is unintelligible…, at a minimum, the ineffective assistance and jury selection claims are unexhausted" because they have not been presented to the California Supreme Court. ECF No. 14 at 4. Respondent also lodged the relevant state court records concerning petitioner's direct appeal and state habeas petition. ECF No. 13.

**III.   Legal Standards**

The exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion

---

evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

requirement by providing the highest state court with a full and fair opportunity to consider each habeas claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982) (establishing the total exhaustion rule).

### IV.  Analysis

The court denies respondent's motion to dismiss on the grounds that petitioner's § 2254 application violates Rule 2(c) of the Rules Governing Section 2254 Cases. First, respondent relies upon authority that has been overruled. See ECF 14 at 2 (citing Ross v. Williams, 2018 WL 3468064, *11 (9th Cir. 2018), overruled on rehearing en banc, 950 F.3d 1160 (9th Cir. 2020) (en banc)). In Ross, the Ninth Circuit concluded that a written instrument attached to a habeas petition cannot only satisfy Rule 2(c)'s particularity requirement for setting forth a valid claim for relief, but it can also be used to satisfy Rule 15(c)'s relation back standard. Moreover, the Supreme Court in Dye v. Hofbauer, 546 U.S. 1, 5 (2005) (per curiam), concluded that, under Rule 10(c) of the Federal Rules of Civil Procedure, a habeas petitioner may rely on a brief appended to his petition to meet the requisite pleading standard that requires a claim to be described with sufficient particularity. Even respondent acknowledges in the motion to dismiss that petitioner's Exhibit A attached to his petition describes all six of his claims in greater detail than the § 2254 form itself. See ECF No. 14 at 3. Second, although respondent requests a summary dismissal, the court has already determined that petitioner's § 2254 application meets Rule 2(c)'s requirements when it issued its December 19, 2024 order requiring respondent to answer the petition. See ECF No. 5 (screening order). Therefore, a summary dismissal at this stage of the proceedings is not appropriate. The court finds that petitioner's Exhibit A, which is attached to

his § 2254 petition, sufficiently states his claims for relief to satisfy Rule 2(c)'s requirement. Respondent's motion to dismiss on this basis is denied.

With respect to the exhaustion of claims three and four, however, the court agrees with respondent that they are unexhausted. The court has reviewed the lodged state-court documents and concludes that petitioner has not presented these claims to the California Supreme Court on direct appeal or in his state habeas petition. Petitioner has not requested that this court stay these proceedings in order to return to state court to do so. In the absence of a motion for a stay, claims three and four must be dismissed from petitioner's § 2254 application. See Rose v. Lundy, 455 U.S. 509 (1982) (imposing a total exhaustion requirement for federal habeas petitions). The court will strike them from the § 2254 petition and order an answer on the remaining claims.

**V.     Plain Language Summary for Party Proceeding Without a Lawyer**

Since petitioner is representing himself in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and the relevant state lodged documents in your case, the undersigned finds that you have not exhausted your state court remedies for claims three and four. These claims are dismissed without prejudice. This will not end your case. Claims one, two, five and six of your federal habeas petition remain pending. This order requires respondent to file an answer to these remaining claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 14) is granted, in part, and denied in part for the reasons stated herein.

2. Claims three and four of petitioner's application for a writ of habeas corpus are dismissed without prejudice as unexhausted and stricken from the petition.

////
////
////
////

      3.  Respondent is ordered to file an answer to claims one, two, five, and six of petitioner's application for writ of habeas corpus within 60 days from the date of this order.

DATED: June 13, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE